# EXHIBIT B

Filed: 4/27/2021 3:05 PM
JOHN D. KINARD - District Clerk
Galveston County, Texas
Envelope No. 52873697
By: Shailja Dixit
4/27/2021 4:18 PM

CAUSE NO. **21-CV-0556**

| | | |
|---|---|---|
| OLIVIA PAYTON | § | IN THE DISTRICT COURT OF |
| | § | |
| VS. | § | GALVESTON COUNTY, TEXAS |
| | § | **Galveston County - 10th District Court** |
| THE KROGER CO. | § | _____ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, OLIVIA PAYTON, hereinafter referred to as Plaintiff, complaining of THE KROGER CO., hereinafter referred to as Defendant, and for cause of action would show unto the Court as follows:

I.

The Plaintiff pleads that discovery should be conducted in accordance with Texas Rule of Civil Procedure 190.3, Level 2 Discovery.

II.

Plaintiff, Olivia Payton, is a resident of Galveston County, Texas.

Defendant, THE KROGER CO., is a Foreign For-Profit Corporation doing business in Galveston County Texas, and may be served with process by serving its registered agent, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, located at 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218.

III.

Venue is proper in Galveston County, Texas, because all or a substantial part of the acts or omissions giving rise to the cause of action occurred there.

**Status Conference - 07/29/2021**

IV.

This lawsuit results from an incident that occurred on or about December 14, 2020, at The Kroger Co. in Texas City, Galveston County, Texas. Plaintiff, Olivia Payton, slipped and fell at the Kroger Store located at 3541 Palmer Hwy in Texas City, Texas. This fall caused her extensive injuries.

V.

Plaintiff was an invitee at the time of the injury because she was a customer at the Defendant's store. Because Defendant's business was open to the public, Defendant, THE KROGER CO., extended an invitation to Plaintiff to shop at Defendant's store. Defendant, THE KROGER CO., thus owed Plaintiff the duty to inspect the premises and maintain them in a reasonably safe manner.

Plaintiff would show that Defendant, THE KROGER CO., failed to exercise ordinary care in performing such duty. The acts and/or omissions of Defendant, THE KROGER CO., described hereinabove by which Defendant, THE KROGER CO., breached such duty constitute a proximate cause of the damages of Plaintiff described more fully hereinabove, for which Defendant, THE KROGER CO., is liable to Plaintiff.

VI.

As a result of the accident of December 14, 2020, Plaintiff, Olivia Payton, sustained severe, permanent and disabling injuries. Plaintiff, Olivia Payton, sustained the following actual damages as a result of the actions and/or omissions of Defendant, THE KROGER CO., described hereinabove:

   a. Reasonable medical care and expenses in the past.

   b. Reasonable and necessary medical care and expenses, which will in all reasonable probability be incurred in the future.

   c. Cost of medical monitoring and prevention in the future.

   d. Physical pain and mental anguish in past and future.

e. Disfigurement

f. Loss of earnings in the past

g. Loss of earnings capacity in the future.

VII.

That by reason of the facts alleged herein, Plaintiff has been made to suffer and sustain at the hands of the Defendant, THE KROGER CO., damages in excess of the minimum jurisdictional requirements of this Court and in such amount as the evidence may show proper at the time of trial.

VIII.

Plaintiff also asserts a claim prejudgment interest for all elements of damages that such interest is allowed.

IX.

Request is made for all costs and reasonable and necessary attorney's fees incurred by or on behalf of Plaintiff herein, including all fees necessary in the event of an appeal of this cause to the Court of Appeals and the Supreme Court of Texas, as the Court deems equitable and just.

X.

Plaintiff alleges damages far in excess of the minimum jurisdiction of the Court and specifically reserves the right to plead the damages with particularity when the damages are more fully know to them. It is not possible for Plaintiff to plead the exact amount of her damages at this time, but they clearly exceed the minimum jurisdictional limits of this Court. In order to comply with Rule 47, Plaintiff seeks monetary relief over $200,000 but not more than $1,000,000.

XI.
### JURY DEMAND

Plaintiff respectfully demands a trial by jury.

## XII.
## REQUEST FOR DISCLOSURE

Plaintiff files this Request for Disclosure to Defendants. Pursuant to Rule 194, Defendant is hereby requested to disclose within (50) days of service of this Request for Disclosure, the information and material described in Rule 194.2 (a), (b), (c), (d), (e), (f), (g), (h), (i), (j), (k) and (l). The information and material requested is to be produced at the office of the requesting party.

WHEREFORE PREMISES CONSIDERED, Plaintiff prays that the Defendant be cited to appear and answer herein as the law directs, and that upon final hearing, Plaintiff has and recovers judgment of and from the Defendant pursuant to the above and foregoing allegations in such amounts as hereinabove set out and as the evidence may show proper at the time of trial; together with interest thereon at the legal rate, costs of Court, and for such other and further relief, both general and special, at law and in equity, to which Plaintiff may be justly entitled.

Respectfully submitted,

MOORE LANDREY, L.L.P.

By: *(signature)*

DAN DUCOTE, JR.
Texas State Bar No. 24036504
905 Orleans Street
Beaumont, Texas 77701
Telephone: 409/835-3891
Telecopier: 409/835-2707
dducote@moorelandrey.com

ATTORNEY FOR PLAINTIFF

Case 3:21-cv-00121   Document 1-2   Filed on 05/21/21 in TXSD   Page 6 of 11

Filed: 5/5/2021 3:40 PM
Galveston County, Texas
Envelope No. 53151325
By: Lisa Kelly
5/5/2021 3:50 PM

JOHN D. KINARD - District Clerk

NO. 21-CV-0556

| | | |
|---|---|---|
| OLIVIA PAYTON, | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | GALVESTON COUNTY, TEXAS |
| | § | |
| THE KROGER COMPANY, | § | |
| | § | |
| Defendant. | § | 10th JUDICIAL DISTRICT |

# DEFENDANT'S ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, The Kroger Company, Defendant in the above entitled and numbered cause, and in answer to the Plaintiff's pleadings on file herein, would respectfully show unto the Court as follows:

## A.
## GENERAL DENIAL

1. Defendant asserts a general denial as is authorized by Rule 92 of the Texas Rules of Civil Procedure, and respectfully request that Plaintiff be required to prove the charges and allegations against this Defendant by the evidence as is required by the laws of the State of Texas.

## B.
## CREDIT / OFFSET

2. In the unlikely event that Defendant is found liable to Plaintiff, Defendant affirmatively pleads that it is entitled to a dollar-for-dollar credit/offset for any and all sums Plaintiff has received or may hereafter receive by way of any and all payments or

settlements of any claims, causes of action, or potential causes of action arising out of the incident made the basis of this lawsuit. This written election is being made pursuant to §33.012(b)(1) of the Texas Civil Practice & Remedies Code.

## C.
## RIGHT TO SUPPLEMENT

3. Defendant respectfully reserves the right at this time to amend this Original Answer to the Plaintiff's allegations after said Defendant has had the opportunity to investigate more closely these claims, as is the right and privilege of said Defendant under the Rules of Civil Procedure and the laws of the State of Texas.

## D.
## DISCOVERY DOCUMENTS

4. By way of further Answer, Defendant hereby gives actual notice to the Plaintiff, that any and all documents produced during discovery may be used against the party Plaintiff, if any, at any pre-trial proceeding and/or trial of this matter without the necessity of authenticating the document. This notice is given pursuant to Rule 193.7 of the Texas Rules of Civil Procedure.

## E.
## PAID OR INCURRED

5. Defendant invokes §41.0105 of the Texas Civil Practice and Remedies Code and requests that, to the extent Plaintiff seeks recovery of medical or healthcare expenses, the evidence to prove such loss be limited to the amount actually paid by or on behalf of the Plaintiff, as opposed to the amount charged.

## F.
## NET LOSS REDUCTION

6. Defendant also invokes §18.091 of the Texas Civil Practice and Remedies Code and requests that, to the extent that Plaintiff seeks recovery for loss of earnings, loss of earning capacity, loss of contributions of a pecuniary value, or a loss of inheritance, that the evidence to prove such loss must be present in the form of a net loss after reduction for income tax payments or unpaid tax liability.  Defendant further requests that the Court instruct the jury as to whether any recovery for compensatory damages sought by Plaintiff is subject to federal income taxes.

## G.
## CONTRIBUTORY NEGLIGENCE

7. Defendant contends that the Plaintiff failed to keep a proper lookout and this failure contributed to the Plaintiff's accident.  Thus, Defendant contends that the conduct on the part of the Plaintiff was the sole cause or a contributory factor in bringing about the Plaintiff's alleged injuries.

## H.
## JURY DEMAND

9. Defendant herein demands a trial by jury on all contested fact issues. On this date, a jury fee has been paid.

WHEREFORE, PREMISES CONSIDERED, the above-named Defendant, The Kroger Company, having fully answered herein, prays that Plaintiff take nothing by reason of this suit, and that Defendant be discharged.  Defendant prays further that

all court costs expended or incurred in this cause be assessed and taxed against Plaintiff, and for all such other and further relief, both general and special, at law and in equity, to which Defendant may show itself justly entitled.

        Respectfully submitted,

        GERMER, PLLC

By: _____
    TROY A. WILLIAMS
    State Bar No. 00788678
    VALERIE LY
    State Bar No. 24053692
America Tower
2929 Allen Parkway, Suite 2900
Houston, Texas  77019
Telephone: (713) 650-1313
Facsimile: (713) 739-7420
E-Mail: twilliams@germer.com
E-Mail: vly@germer.com

ATTORNEYS FOR DEFENDANT,
THE KROGER COMPANY

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing instrument has been duly served on the following counsel through the Court's e-service on this the 5th day of May, 2021:

    *dducote@moorelandrey.com*
    Dan Ducote, Jr.
    Moore Landrey, LLP
    905 Orleans St.
    Beaumont, Texas  77701
    *Attorneys for Plaintiff*

_____
TROY A. WILLIAMS

Filed: 5/5/2021 3:41 PM
JOHN D. KINARD - District Clerk
Galveston County, Texas
Envelope No. 53151475
By: Rolande Kain
5/5/2021 3:50 PM

NO. 21-CV-0556

| | | |
|---|---|---|
| OLIVIA PAYTON, | § | IN THE DISTRICT COURT OF |
| Plaintiff, | § | |
| v. | § | GALVESTON COUNTY, TEXAS |
| THE KROGER COMPANY, | § | |
| Defendant. | § | 10th JUDICIAL DISTRICT |

# RULE 216 REQUEST FOR JURY TRIAL

TO THE HONORABLE JUDGE OF SAID COURT:

In accordance with the provisions of Rule 216 of the Texas Rules of Civil Procedure, Defendant, The Kroger Company, requests that when this case proceeds to trial, it be placed on the Court's jury trial docket.

Respectfully submitted,

GERMER, PLLC

By: _____
TROY A. WILLIAMS
State Bar No. 00788678
VALERIE LY
State Bar No. 24053692
America Tower
2929 Allen Parkway, Suite 2900
Houston, Texas 77019
Telephone: (713) 650-1313
Facsimile: (713) 739-7420
E-Mail: twilliams@germer.com
E-Mail: vly@germer.com
ATTORNEYS FOR DEFENDANT,
THE KROGER COMPANY

## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the above and foregoing instrument has been duly served on the following counsel through the Court's e-service on this the 5th day of May, 2021:

    [dducote@moorelandrey.com](mailto:dducote@moorelandrey.com)
    Dan Ducote, Jr.
    Moore Landrey, LLP
    905 Orleans St.
    Beaumont, Texas  77701
    *Attorneys for Plaintiff*

 

_____
TROY A. WILLIAMS